AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Western District of New York



| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>ALL FUNDS ON DEPOSIT IN ACCOUNTS AS SPECIFIED IN ATTACHMENT A | ) ) ) ) ) ) Case No. 17-MJ- 4056 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the  Western  District of  New York  is subject to forfeiture to the United States of America under  18  U.S.C. § 981(a)(1)(A), 981(a)(1)(C), 982(a)(1) and 28 U.S.C. 2461(c)   *(describe the property)*:

ESL Account 1371597350 in the name of Richard Redsicker up to the amount of $1,657.07.

All funds on deposit in ESL Account 1371597376 in the name of Richard Redsicker.

The application is based on these facts:

(See attached Affidavit of Special Agent Daniel A. Ciavarri, Federal Bureau of Investigation)

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Daniel A. Ciavarri, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/15/17

_____
*Judge's signature*

City and state: Rochester, New York

Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

ESL Account 1371597350 in the name of Richard Redsicker up to the amount of $1,657.07.

All funds on deposit in ESL Account 1371597376 in the name of Richard Redsicker.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEIZURE OF:

ESL FEDERAL CREDIT UNION ACCOUNT #1371597350
IN THE NAME OF RICHARD REDSICKER, UP TO THE
AMOUNT OF $1,657.07; AND

ALL FUNDS ON DEPOSIT IN ESL FEDERAL CREDIT
UNION ACCOUNT #1371597376 IN THE NAME OF
RICHARD REDSICKER.

17-MJ-4056

## AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

STATE OF NEW YORK   )
COUNTY OF MONROE  )   ss:
CITY OF ROCHESTER  )

I, DANIEL A. CIAVARRI, hereinafter referred to as "your affiant," having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been employed in that capacity for approximately 6 years. I am currently assigned to the Buffalo Division, Rochester Resident Agency in Rochester, New York (NY). I have been involved in investigations and received training on a variety of criminal violations including, bank fraud, wire fraud, money laundering and public corruption.

2. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, as well as review of documents and records. This affidavit is made in support of a seizure warrants for the for the following subject accounts:

a) ESL Federal Credit Union Account # 1371597350, in the name of Richard Redsicker, up to the amount of $1,657.07. As of May 8, 2017, this account had a balance of $3,660.46 (hereinafter referred to as "Redsicker Account # 1").

b) ESL Federal Credit Union Account # 1371597376, in the name of Richard Redsicker. As of May 8, 2017, this account had a balance of $1,877.57 (hereinafter referred to as "Redsicker Account # 2").

3. The subject accounts are subject to seizure and forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), and Title 28, U.S.C. § 2461(c) as any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title, hereinafter referred to as "SUA"), to include violations of Title 18 U.S.C. § 1343 (wire fraud), and Title 18 U.S.C. § 984. The wire fraud proceeds in Redsicker Account #1 total $1,657.07. In addition, as set forth below, there is probable cause to believe that Redsicker Account # 2 is subject to seizure and forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), as property involved in money laundering transactions or traceable to such property.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for issuance seizure warrants. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part.

5. As a result of the investigation described more fully below, there is probable cause to believe that VOGT has engaged in one or more violations of Title 18 U.S.C. § 1344 (Bank Fraud), Title 18 U.S.C. § 1343 (wire fraud), and Title 18 U.S.C. § 1956 (money laundering).

2

6. On May 5, 2017, a criminal complaint was signed by This Court (17-MJ-4046).

## II. RELEVANT STATUTORY AUTHORITY

The following forfeiture statutes will be discussed throughout this affidavit:

a.) Title 18, United States Code, Section 981(a)(1)(A) provides in relevant part that the following property is subject to forfeiture to the United States:

> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 ... of this title, or any property traceable to such property.

b.) Title 18, United States Code, Section 981(a)(1)(C) provides in relevant part that the following property is subject to forfeiture to the United States:

> (C) Any property, real or personal which constitutes or is derived from proceeds traceable to ... any offense constituting "specified unlawful activity" ..., or a conspiracy to commit such offense.

c.) Title 18, United States Code, Section 982(a)(1) provides in relevant part:

> The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

d.) Title 18, United States Code, Section 984 provides:

(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals—

> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

e.) Title 28, United States Code, Section 2461(c) provides:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is

3

authorized…the court shall order the forfeiture of the property as part of the criminal case pursuant to the Federal Rules of criminal Procedure and section 3554 of Title 18 United States Code.

## BACKGROUND OF INVESTIGATION

7. On May 2, 2017, the Chief Operating Officer (COO), at ID SignSystems Incorporated (hereinafter referred to as IDS) located at 410 Atlantic Avenue, Rochester, NY, was interviewed by your affiant. The COO provided, in sum and substance, that VOGT was an employee of IDS since approximately August of 2015. VOGT worked in the finance department of IDS and ultimately had responsibility over accounts receivable and payroll processing functions.

8. On April 28, 2017, the COO and others at IDS became aware that VOGT had recently pled guilty in Federal Court to fraud charges involving her former employer. Upon learning of this information, the COO and other senior management of the company began to look at payroll records for which VOGT had responsibility and discovered multiple instances in which VOGT had submitted and received payroll deposits in excess of her weekly salary.

9. On May 3, 2017, the Comptroller for IDS, provided your affiant with payroll reports indicating that starting in and around September 2016, inflated paychecks were sent to VOGT's bank account on a nearly weekly basis. A review of VOGT's bank records at the Lyons National Bank ("Lyons") for which these deposits were made, showed these inflated payments deposited into VOGT's Lyons Account # 216240747 ("Vogt Lyons Account"). Based on a 2017 year-to-date summary of gross payroll, VOGT paid herself in excess of $8,000 in the first four months of this year alone. Specifically on April 26, 2017, IDS wired the amount of $27,442.36 from their account at ESL Federal Credit Union to fund the payroll of

4

IDS. Included in these funds, was an inflated payroll amount of $752.64 to VOGT. The $752.64, which constitutes wire fraud proceeds were deposited into the account of ADP LLC located in San Dimas, California and the transfer was authorized by VOGT. Eventually, the $752.64 in wire fraud proceeds was wired into Richard Redsicker's (VOGT'S significant other), ESL Federal Credit Union ("ESL") Account # 1371597350.

10. The Comptroller advised that on occasion she would ask VOGT for summary reports involving payroll. The Comptroller stated that on at least one occasion VOGT showed her payroll data indicating VOGT was receiving the correct salary payment. Upon recently reviewing all payroll reports, the Comptroller discovered that after VOGT showed her that report VOGT went back into the system and issued herself another payroll check.

11. Financial records also show that in and around March 27, 2016, a $4,200 check from IDS written from its account at ESL Federal Credit Union, an FDIC insured institution, was written out to CORTNEY VOGT and deposited into VOGT's Lyons bank account. On May 4, 2017, the COO informed your affiant that his purported signature on the check was forged. Further, the COO identified that a booking entry was made in the accounts of IDS by VOGT indicating that this check had been written to a frequent vendor of IDS, and not to VOGT.

12. The COO advised your affiant that upon terminating VOGT's employment upon discovering these fraudulent transactions, VOGT told the COO she intended to pay the money she had taken back to the company.

## FINANCIAL EXAMINATION

13. During the course of this investigation, Lyons and ESL bank records were reviewed.

14. Lyons Account # 216240747 was opened on January 12, 2015 and Cortney L Vogt is the only authorized signer on the account. ESL Account # 1371597350 was opened on August 21, 2013 and Richard Redsicker is the only authorized signer on the account. ESL Account # 1371597376 was opened on August 21, 2013 and Richard Redsicker is the only authorized signer on the account.

### ESL Account # 1371597350 in the name of Richard Redsicker ("Redsicker Account # 1")

15. From approximately April 8, 2016 through April 28, 2017, Vogt instructed IDS to have $35 of her paycheck directly deposited into Redsicker Account #1 on a weekly basis. In addition to the weekly $35 deposits of Vogt's paychecks, there were two instances where the net pay of the inflated paychecks, which constitute wire fraud proceeds, were directly deposited into Redsicker Account #1. On October 28, 2016 and April 28, 2017, $904.43 and $752.64 of wire fraud proceeds respectively, were directly deposited by IDS into Redsicker Account #1. These amounts represented second paychecks that VOGT issued to herself and constitute wire fraud proceeds.

16. As a result of a conversation with IDS, your affiant learned that IDS was not aware that the overpayments (which constitute wire fraud proceeds) made to Vogt were being deposited into Redsicker Account #1 and did not have any knowledge that Redsicker Account #1 was associated with VOGT.

17.   Vogt's decision to instruct/direct IDS to deposit certain overpayment amounts, wire fraud proceeds, directly into Redsicker Account #1 and not to deposit the wire fraud proceeds into her Lyons bank account was an attempt to disguise the true nature and source of these funds.  Thus, the entire account became involved in the money laundering offense and is therefore subject to seizure and forfeiture.

18.   Based on your affiant's training and experience, knowledge of this investigation, and analysis of the bank records relating to Redsicker Account #1, it is your affiant's belief that Redsicker Account #1, up to the amount of $1,657.07 is subject to seizure and forfeiture under Title 18 U.S.C. § 981(a)(1)(C) as property which constitutes proceeds or was derived from proceeds traceable to any offense constituting a SUA, namely Title 18 U.S.C. § 1343 (wire fraud).

**ESL Account # 1371597376 in the name of Richard Redsicker ("Redsicker Account #2)**

19.   On October 28, 2016, $904.93 (wire fraud proceeds) was deposited into Redsicker Account #1 and then on November 2, 2016, $905.00 was transferred from Redsicker Account #1 into Redsicker Account #2.  See Paragraph #15.  On April 28, 2017, an $752.64 (wire fraud proceeds) was deposited from IDS into Redsicker Account #1 and then on May 4, 2017, $752.00 was transferred from Redsicker Account #1 into Redsicker Account #2.  See Paragraph #15.

20.   In and around September 8, October 12, 2016, January 4, 2017 and February 3, 2017, Vogt wrote four (4) checks payable to Richard Redsicker for a total of $2,131.00.  All of these checks were deposited into Richard Redsicker Account #2. These funds were proceeds of the inflated payroll scheme that VOGT had conducted and constitute wire fraud proceeds.

7

21. Vogt utilized Redsicker Account #2 to launder proceeds of her wire fraud offenses by disguising the true nature and source of the payments received from IDS by depositing and commingling the illegal wire fraud proceeds with Redsicker's funds in Redsicker Account #2, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and is therefore subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1) as property involved in a money laundering offense.

22. Therefore, based on your affiant's training and experience, knowledge of this investigation, and analysis of the bank records relating to Redsicker Account #2, it is your affiant's belief that Redsicker Account #2 has been funded with property involved in a money laundering transaction or traceable to and is therefore subject to seizure and forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1) as property involved in money laundering transactions or property traceable to such property. In addition, Redsicker Account #2 is also subject to seizure and forfeiture under Title 18 U.S.C. § 981(a)(1)(C) as property which constitutes proceeds or was derived from proceeds traceable to any offense constituting a SUA, namely Title 18 U.S.C. § 1343 (wire fraud).

## CONCLUSION

23. Based on the foregoing facts your affiant submits that the subject accounts described as:

a) ESL Federal Credit Union Account # 1371597350, in the name of Richard Redsicker, up to the amount of $1,657.07. As of May 8, 2017, this account had a balance of $3,660.46, and

b) ESL Federal Credit Union Account # 1371597376, in the name of Richard Redsicker. As of May 8, 2017, this account had a balance of $1,877.57.

are subject to seizure and forfeiture pursuant Title 18 U.S.C. § 981(a)(1)(C) as property which constitutes proceeds or was derived from proceeds traceable to any offense constituting a SUA, namely Title 18 U.S.C. § 1343 (Wire Fraud). In addition, Redsicker Account #2 has been involved in money laundering and is therefore subject to seizure and forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(A) and 982(a)(1) as property involved in money laundering transactions or property traceable to such property.

24. A seizure warrant is warranted as due to the liquid nature of the bank accounts and the funds could easily be liquidated moved or hidden.

### SPECIFIC REQUEST RELATING TO FINANCIAL INSTITUTION

25. It is requested that the seizure warrants issued by the Court to direct ESL to immediately and without delay with regard to ESL Federal Credit Union Account # 1371597350, in the name of Richard Redsicker, to issue a check in the amount of $1,657.07 made payable to the United States Marshals Service. With regard to ESL Federal Credit Union Account #1371597376, in the name of Richard Redsicker, to immediately and without delay, liquidate this account and issue a check representative of all contents and monies in ESL Federal Credit Union Account # 1371597376, in the name of Richard Redsicker made payable to the United States Marshals Service and both checks to be mailed to Federal Bureau of Investigation, attention: Cheryl Pace, One FBI Plaza, Buffalo, New York 14202.

DANIEL A CIAVARRI, Special Agent
Federal Bureau of Investigation

Sworn to before me this
15 day of May 2017.

MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE